GRIMES, Judge.
By this appeal, South Trail Area Fire Control District challenges a trial court or *47 der requiring it to reinstate Larry D. Knecht as an employee.
South Trail is a governmental entity established by the legislature which provides firefighting and ambulance service for Sarasota County. Knecht worked for South Trail as a paramedic. Simultaneously, he was employed by Southern Medical Ambulance Services, Inc., which operates a private ambulance service in the same area as South Trail.
Because he deemed Mr. Knecht’s dual employment to be a conflict of interest under section 112.313(7), Florida Statutes (1977), Fire Chief William H. Drymon requested that Knecht resign as an employee either of Southern Medical or South Trail. When Knecht refused to resign either position, Drymon terminated his employment with South Trail.
In accordance with South Trail’s appeal procedure, Mr. Knecht appealed his dismissal to South Trail’s Grievance and Appeals Board which conducted a hearing on the matter on December 28, 1978. The board received sworn testimony from witnesses on behalf of both South Trail and Knecht concerning whether Knecht had taken actions while an employee of South Trail to further the interest of Southern Medical at the expense of South Trail. After listening to this testimony and argument by Knecht’s attorney, the board voted unanimously in favor of sustaining the action taken by Chief Drymon. On January 24, 1979, the board filed a written decision which included the following findings of fact:
4. That based upon the testimony and evidence presented at the appeal hearing, it was clear that Mr. KNECHm had a conflict of interest due to his employment by Southern Medical Ambulance Services Corp. (Southern Medical Services) and the South Trail Area Fire Control District, and that this conflict of interest was, is and will be a detriment to the District.
5. That based upon the testimony and evidence presented at the appeal hearing, it was clear that Mr. KNECHT was given every opportunity by Chief Drymon to terminate his employment with Southern Medical Services in order to avoid his conflict of interest, but Mr. KNECHT elected not to terminate his employment with Southern Medical Services, and he was therefore terminated by Chief Drym-on.
6.That based upon the testimony and evidence presented at the appeal hearing, it was clear, in view of Mr. KNECHT’s conflict of interest, the negative effect of this conflict of interest on the South Trail Area Fire Control District, and Mr. KNECHT’S voluntary decision not to give up his job with Southern Medical Services in order to keep his employment with the South Trail Area Fire Control District, the Chief acted fairly and in accordance with his duties in terminating Mr. KNECHT.
Subsequently, Mr. Knecht asked the South Trail Board of Fire Commissioners for a de novo hearing, but the fire commissioners denied this request. Knecht then appealed the decision of the Grievance and Appeals Board to the fire commissioners. After a hearing, the commissioners affirmed the action of the board. At this point, Knecht filed a petition for a writ of mandamus in the circuit court. The court entered an order for an alternative writ, and in response to South Trail’s motion to quash that writ, it entered an order construing the petition as a petition for a writ of certiorari. After receiving briefs and hearing oral argument, the court entered an order granting the petition for certiorari and ordering South Trail to reinstate Knecht with back pay and benefits. The court gave as the basis for its ruling that the Grievance and Appeals Board had denied Knecht due process of law by failing to make oral findings of fact on the record at the time the board made its decision.
On appeal, South Trail argues that the court erred in finding that the procedures used by the Grievance and Appeals Board violated due process. We agree. It is true that our notions of due process require that an administrative body make specific findings of fact to support the decision it reaches in proceedings such as the *48 one involved in this case. Laney v. Holbrook, 150 Fla. 622, 8 So.2d 465 (1942). Thus, if the Grievance and Appeals Board had not made findings of fact in its written order, we might better understand the court’s ruling. However, we know of no authority which would require the Grievance and Appeals Board to make oral findings at the time it initially reaches a decision. Moreover, we note that the board followed the provisions of its rules and regulations which direct only that, “The Grievance and Appeals Board shall be charged with the responsibility of investigating report [sic] and hearing all evidence and testimony with regard to the alleged violation or grievance and accept, reject or make recommendation for other action within 30 days.”
On appeal, Mr. Knecht has suggested that regardless of whether written findings of fact are sufficient, we should sustain the court’s action because the board’s attorney improperly advised the board that the issue to be decided was whether Chief Drymon acted fairly in firing Knecht rather than whether Knecht had a conflict of interest by virtue of his dual employment. We cannot accept this argument. The rules and regulations of South Trail which authorize employee appeals specify that the standard by which disciplinary action is to be measured is whether it was fair. The determination of whether Drymon fairly discharged Knecht necessarily encompassed the consideration of whether Knecht had a conflict of interest, and the record supports the board’s conclusion that he did.
We reverse the judgment and remand the case with directions that the court reinstate the order of the Grievance and Appeals Board.
SCHEB, C. J., and CAMPBELL, J., concur.